IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, #1169005, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-2077-S-BK |
| § | |
| K. HUTTO, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. Plaintiff Kevin Jerome Jones, a Texas state inmate, filed a *pro se* civil rights complaint against prison officials at the Eastham Unit, of the Texas Department of Criminal Justice, Correction Institutions Division. Doc. 3. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 4. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED** as barred by three strikes.

I. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad

claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, --- U.S. ---, 135 S. Ct. 1759 (2015)).

Jones has accrued three strikes under section 1915(g).  Before this lawsuit was filed, district courts in Texas dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A at least three non-habeas, civil actions that Jones filed while confined as a prisoner.  *See Jones v. Board of Pardons & Paroles,* No. 4:18-CV-394 (N.D. Tex. June 22, 2018) (dismissed for failure to state a claim); *Jones v. Oliver,* No. 4:18-CV-577 (N.D. Tex. July 16, 2018) (dismissed as frivolous); *Jones v. Gonzalez,* No. 4:18-CV-343 (N.D. Tex. Mar. 6, 2019) (dismissed as frivolous and for failure to state a claim); *Jones v. Wilson,* No. 4:18-CV-890 (N.D. Tex. Mar. 8, 2019) (dismissed as malicious); *Jones v. Roberts*, No. 4:19-CV-1943 (S.D. Tex. May 31, 2019) (dismissed as frivolous).  Moreover, at least one Texas federal court held previously that Jones is barred from filing civil lawsuits by the PLRA three-strike provision. *See Jones v. Roberts,* No. 9:19-CV-65, 2019 WL 2521141, at *1 (E.D. Tex. May 15, 2019), *R. & R. adopted*, 2019 WL 2515316 (E.D. Tex. June 17, 2019) (dismissing without prejudice under Section 1915(g)).

Having accumulated three "strikes," section 1915(g) precludes Jones from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).  Here, he claims it was unlawful to require him to submit to a strip search before attending a medical appointment on April 25, 2019.  Doc. 3 at 4.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Jones, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. CONCLUSION

Accordingly, Jones' motion to proceed *in forma pauperis* should be **DENIED** and this action should be summarily **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing and administrative fee.

**SO RECOMMENDED** on September 16, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).